<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>DALE ZIMMERMAN and JENNIFER GAYON VANCE,<br><br>                    Defendants. | Civ. No. 06-3428 (DRD) |

<u>DEBEVOISE, Senior District Judge</u>

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendant Dale Zimmerman. The case involves benefits of a life insurance policy held by decedent Marisa Zimmerman. The policy included $15,000.00 in Basic Term Life coverage and $25,000 in Optional Term Life coverage, both of which were to be paid to beneficiaries designated by Ms. Zimmerman in the event of her death.

**I. BACKGROUND**

Ms. Zimmerman died on or about January 21, 2006. Before her death, she designated Defendant Jennifer Gayon Vance as the beneficiary of her Basic Term Life coverage. No beneficiary for the Optional Term Life policy was designated.

On July 26, 2006, Plaintiff Prudential Insurance Company of America ("Prudential") filed an interpleader complaint requesting that the Court enter judgment (1) directing Prudential to pay the $25,000.00 Optional Term Life benefit and accrued interest, minus reasonable costs and attorneys fees, into this Court, (2) directing all Defendants to interplead their rights to that sum, and (3) and discharging Prudential from all liability to Defendants for payment of benefits from the Optional Term Life coverage.  Thereafter, Prudential attempted to effect service on both Defendant Zimmerman, the decedent's husband, and Defendant Jennifer Gayon Vance, the decedent's daughter.

Defendant Vance, who currently resides in Guam, returned an executed Waiver of Service on October 12, 2007.  However, she did not file an answer to the Complaint within the 60-day deadline mandated by Federal Rule of Civil Procedure 12(a)(1)(A)(ii).  Instead, Defendant Vance asserted her right to the proceeds of the decedent's Optional Term Life policy in a letter filed on June 11, 2008.

Defendant Zimmerman was incarcerated by the State of California for much of the time between the filing of the Complaint and the filing of Plaintiff's Motion for Entry of Default Judgment.  Prudential was unable to locate him until July 8, 2008, when he was personally served with the Summons and Complaint.  On July 30, 2008, after he failed to file an Answer within the 20-day period stipulated by Federal Rule of Civil Procedure 12(a)(1)(A)(i), Prudential requested that the clerk of this court enter Mr. Zimmerman's default pursuant to Federal Rule of Civil Procedure 55(a).  The clerk did so on August 1, and Prudential filed the current motion asking this court to enter a final judgment of default pursuant to Federal Rule of Civil Procedure 55(b) on August 5, 2008.  However, in a handwritten letter dated August 25, 2008, Defendant

Zimmerman asserted that he has a "full interest in the matter" and requested that this Court "send form needed."

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [Rule 12(a)] and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Thereafter, a court of competent jurisdiction may enter a final judgment of default against that party and award relief accordingly.  Fed. R. Civ. P. 55(b)(2).

Default judgment is a discretionary remedy.  See, e.g., Farzetta v. Turner, 797 F.2d 151, 153 (3d Cir. 1986) (applying abuse of discretion review in appeal of default judgment); Felhaber v. Indian Trails, 425 F.2d 715, 717 (3d Cir. 1970) (holding that a court may conduct discretionary hearings on matters relating to a default judgment).  The language of Federal Rule of Civil Procedure 55(b)(2) states that the court "may" enter such a judgment, not that it "must."  Indeed, the Federal Rules of Civil Procedure allow a court to set aside a clerk's entry of default rather than granting default judgment as long as the court can articulate "good cause" for doing so.  Fed. R. Civ. P. 55(c).

In this case, default judgment against Mr. Zimmerman is an inappropriate remedy.  Mr. Zimmerman made it clear in his August 25, 2008 letter to this court that he has "full interest" in this litigation.  Furthermore, the letter averred that he has attempted to assert that interest "more than four times," and ended with a plea that the court send him the documentation necessary to advance his claim.  While it is true that Mr. Zimmerman did not respond to the Complaint within the prescribed 20-day time limit, it is likely that his failure to do so was attributable to his recent

incarceration and the fact that he resides in California, over 2,000 miles from the locus of this litigation.

The inappropriateness of default judgment in this case is further demonstrated by the fact that Jennifer Gayon Vance, the other potential claimant, also failed to assert her claim within the time limit prescribed by the Federal Rules of Civil Procedure.  In fact, Ms. Vance did not respond to the Complaint until June 11, 2008, almost six months after she was served.  Yet despite the fact that Ms. Vance took almost four and a half months longer than Mr. Zimmerman to assert her claim, Prudential never requested that the clerk of this court enter her default.

In light of the fact that both potential claimants failed to respond to the Complaint within the prescribed time limit, it would be patently unfair to enter a judgment of default against one and not the other.  Therefore, this court will exercise its discretion to deny the motion for default judgment and will instruct that the proceeds of the Optional Term Life Insurance policy and accrued interest, minus reasonable expenses and attorneys' fees, be paid into the court.  Thereafter, Prudential will be dismissed as a party and will not be liable for any further payments arising out of this matter.

Once the proceeds of the Optional Term Life policy are paid into this court, Defendants Vance and Zimmerman may assert their right to all or part of the funds through the submission of a formal certification outlining the grounds for their respective claims.  While they may do so on their own behalf, the court advises both Defendants to consult with counsel in order to assure that their rights are asserted in a firm and efficient manner.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment is denied.

The court will enter an order implementing this opinion.


                                                      **s/ Dickinson R. Debevoise**
                                               DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: September 16, 2008