<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>DALE ZIMMERMAN and JENNIFER GAYON VANCE,<br><br>      Defendants. | Civ. No. 06-3428 (DRD) |

<u>**DEBEVOISE, Senior District Judge**</u>

This matter comes before the court as an interpleader action brought by Plaintiff, the Prudential Insurance Company of America ("Prudential"), to determine the rightful recipient of the benefits from an Optional Term life insurance policy held by decedent Marisa Zimmerman. There are two potential claimants to those benefits: Defendant Jennifer Gayon Vance, the decedent's daughter, and Defendant Frank "Dale" Zimmerman, the decedent's husband.

In a prior opinion and order, which was mailed to both Defendants at the addresses they provided, the court instructed the Defendants to submit a letter detailing their respective claims. The letter sent to Mr. Zimmerman was returned as undeliverable. He has not informed the court of his whereabouts, and attempts to locate him proved unavailing. Therefore, the court will enter

1

a judgment of default against Mr. Zimmerman and award the full amount of the Optional Term life insurance policy to Ms. Gayon Vance.

## I.  BACKGROUND

The decedent's life insurance policy included $15,000.00 in Basic Term Life coverage and $25,000 in Optional Term Life coverage, both of which were to be paid to beneficiaries designated by Ms. Zimmerman in the event of her death.

Ms. Zimmerman died on or about January 21, 2006.  Before her death, she designated Defendant Jennifer Gayon Vance as the beneficiary of her Basic Term Life coverage.  No beneficiary for the Optional Term Life policy was designated.

On July 26, 2006, Prudential filed an interpleader complaint requesting that the Court enter judgment (1) directing Prudential to pay the $25,000.00 Optional Term Life benefit and accrued interest, minus reasonable costs and attorneys fees, into this Court, (2) instructing all Defendants to interplead their rights to that sum, and (3) and discharging Prudential from all liability to Defendants for payment of benefits from the Optional Term Life coverage. Thereafter, Prudential attempted to affect service on both Defendant Zimmerman, the decedent's husband, and Defendant Jennifer Gayon Vance, the decedent's daughter.

Defendant Vance, who currently resides in Guam, returned an executed Waiver of Service on October 12, 2007.  However, she did not file an answer to the Prudential's Interpleader Complaint within the 60-day deadline mandated by Federal Rule of Civil Procedure 12(a)(1)(A)(ii).  Instead, Defendant Vance asserted her right to the proceeds of the decedent's Optional Term Life policy in a letter filed on June 11, 2008.

Defendant Zimmerman was incarcerated by the State of California for much of the time between the filing of the Complaint and the filing of Plaintiff's Motion for Entry of Default Judgment.  Prudential was unable to locate him until July 8, 2008, when he was personally served with the Summons and Complaint.  On July 30, 2008, after he failed to file an Answer within the 20-day period stipulated by Federal Rule of Civil Procedure 12(a)(1)(A)(i), Prudential requested that the clerk of this court enter Mr. Zimmerman's default pursuant to Federal Rule of Civil Procedure 55(a).  The clerk did so on August 1, 2008, and Prudential filed a motion asking this court to enter a final judgment of default pursuant to Federal Rule of Civil Procedure 55(b) on August 5th of that year.  However, in a handwritten letter dated August 25, 2008, Defendant Zimmerman asserted that he has a "full interest in the matter" and requested that this Court "send form needed."

In an opinion dated September 16, 2008, the court ruled that, by sending the aforementioned letter, Mr. Zimmerman had asserted his interest in the litigation and a judgment of default was therefore inappropriate.  Prudential was ordered to pay the proceeds of the Optional Term Life Insurance policy and accrued interest, minus reasonable expenses and attorneys' fees, into the court, after which the company would be dismissed as a party and discharged from any further liability.  Prudential complied with that instruction on October 6, 2008.

In its September 16, 2008 ruling, the court instructed the Defendants to submit within 30 days formal certifications outlining the grounds for their respective claims, and advised them to seek the aid of counsel in doing so.  In order to assure that both Defendants received notice of the

decision and requirement that they submit a certification, the court sent a letter to both claimants summarizing its ruling and restating that condition on September 18, 2008.

Ms. Gayon Vance replied on September 29, 2008, but the letter sent to Mr. Zimmerman was returned as undeliverable. A second attempt to reach Mr. Zimmerman by mail, which was sent on October 23, 2008, was returned on December 9th of that year. The telephone directory for San Diego includes a listing for one "F. Zimmerman," but the phone number listed has been disconnected. There is no listing for any "Frank," "Dale" or "D." Zimmerman in the San Diego area. After his August 28, 2008, letter to the court, Mr. Zimmerman still did not file an Answer to Prudential's Interpleader Complaint, and has failed to advise the court of his address. His failure to answer can no longer be excused.

In contrast, Ms. Gayon Vance's reply to the court's September 18, 2008 letter (which will be deemed to be her Answer to the Complaint as well as a statement of the grounds for her claims to the proceeds of the policy for which no designation of a beneficiary was made), Ms. Gayon Vance et forth the reasons why the court should find that her mother believed she had in fact named Ms. Gayon Vance beneficiary:

> I am writing this letter in regards to my claim of my mother's (Marisa Gayon Zimmerman) optional life insurance. I ask that the court please grant a judgment in my favor, due to the fact that my mother wanted me to have this money to pay for the cost of her funeral and medical expenses. This money was never intended for my mother's husband, as he was not residing with her during her illness, nor did he partake in any way, shape or form of her care during her greatest time of need. I was notified of her illness by my mother's eldest sister who also resided in the same city as my mother did. After hearing of my mother's fatal illness, I had no choice but to leave my three children behind and fly thirteen thousand miles from Guam (where I reside) to California to take care of my mother. I had to find a home immediately for my mother as she was unable to work when she became ill and had lost her job. Upon becoming incapacitated Mr. Zimmerman

wanted nothing to do with her care. He neither tried to find a shelter or provide her with any financial assistance. Not only did he physically and mentally abuse her, but he allowed her to reside in a broken down vehicle parked at a lake in the middle of winter during stage four of her ovarian cancer, without any pain killers or medicine to relive her pain. My mother also granted me a power of attorney over her finances to help resolve any problems that may occur. I am aware that in her optional life insurance plan she did not check a beneficiary, but my mother was not an educated woman as her highest grade completed in school was the sixth grade in the Philippines. She may have assumed that because she put my name as a beneficiary on the first insurance plan that I would automatically be the beneficiary for her optional plan as well. She assumed that her affairs were all in order as she constantly assured me that I would have no difficulties with her funeral, or her medical bills, which are numerous.

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [Rule 12(a)] and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Thereafter, a court of competent jurisdiction may enter a final judgment of default against that party and award relief accordingly. Fed. R. Civ. P. 55(b)(2).

Throughout the course of this litigation, Mr. Zimmerman has failed to plead or otherwise assert his claim. Prudential was unable to serve Mr. Zimmerman with the Summons and Complaint for over two years after the commencement of this action. Even after being served, Mr. Zimmerman failed to file an Answer within the 20-day period stipulated by Federal Rule of Civil Procedure 12(a)(1)(A)(i). In fact, Mr. Zimmerman's only effort at asserting his claim came in the form of the one-page, handwritten letter he submitted on August 25, 2008. That letter was submitted only after Prudential moved for a final judgment of default. Since then, Mr.

Zimmerman has made no effort to communicate with the court regarding his whereabouts, and all attempts to reach him have failed.

In light of the repeated delays caused by Mr. Zimmerman's failure to actively assert his claim, an entry of default judgment is appropriate.  See Fed. R. Civ. P. 55.  There is no indication as to when or if Mr. Zimmerman will re-emerge, and no evidence to believe that his claim would be meritorious even if he did.  In contrast, Ms. Gayon Vance has provided a basis for finding that she is the intended beneficiary and that she would suffer substantial harm if the court delayed entering judgment, as she alleges in her certification that she needs to proceeds of the Optional Term Life Insurance policy to pay the decedent's outstanding medical and funeral bills.  Therefore, the court will enter a judgment of default against Mr. Zimmerman, and order payment of the remaining proceeds of the policy now held by the Clerk of the Court to Ms. Gayon Vance.

### III.  CONCLUSION

For the reasons set forth above, the court enters a final judgment of default against Defendant Zimmerman.  All remaining proceeds of the Optional Term Life Insurance policy now held by the Clerk of the Court are awarded to Ms. Gayon Vance, and the Clerk of the Court is directed to remit them to her.

The court will enter an order implementing this opinion.

         **s/ Dickinson R. Debevoise**
         DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: December 15th, 2008